| Fill in this information to identify your case: | |
|---|---|
| Debtor 1   Amber Whetzel | |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the Western District of Virginia | |
| Case Number 23-50072 (if known) | |

☐ Check here if this is an amended plan, and list below the sections of the plan that have been changed.
_____
_____

Official Form 113
# Chapter 13 Plan

12/17

## Part 1: Notices

**To Debtors:** **This form sets out options that may be appropriate in some cases, but the presences of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do Not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do nt have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed.  See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as** *"Not Included"* **or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☒ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☐ Included | ☒ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☒ Included | ☐ Not Included |

**Part 2:** **Plan Payments and Length of Plan**

2.1 Debtor(s) Will Make Regular payments to the trustee as follows:

    $10.00 per month for 1 month commencing April 10, 2023

    $255.00 per month for 59 months commencing May 10, 2023

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2  Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply*
- ☐ Debtor(s) will make payments pursuant to a payroll deduction order.
- ☐ Debtor(s) will make payments directly to the trustee
- ☒ Other (specify method of payrilment): ____TFS____

**2.3  Income tax refunds**

*Check one.*
- ☒ Debtor(s) will retain any income tax refunds received during the plan term.
- ☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan tern within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.
- ☐ Debtor(s) will treat income tax refunds as follows:
  _____

**2.4  Additional payments.**

Check one.
- ☒ None. If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

**2.5  The total amount of estimated payments to the trustee provided for in §§2.1 and 2.4 is**   $15,055.00

**Part 3:** **Treatment of Secured Claims**

**3.1 Maintenance of payments and cure of default, if any.**

Check one.
- ☐ None. If "None" is checked, the rest of § 3.1 need not be completed or reproduced.
- ☒ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any,, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief

from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s)

| Creditor | Collateral | Current installment payment (Including escrow | Arrearage amount | Interest rate on arrearage | Monthly plan payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| Toyota Motor Credit Corp. | 2021 Toyota Corolla | $402.00 Paid by Debtor | $0.00 | 0.00% | NA | $0.00 |

**3.2 Request for valuation of security, payment of fully secured claims, and modification of under secured claims.**

    *Check one.*

    ☒    **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

**3.3 Secured claims excluded from 11 U.S.C.§ 506.**
    *Check one*

    ☒    None. If *"None"* is checked, the rest of §3.3 need not be completed or reproduced.

**3.4 Lien Avoidance**
    *Check one*

    ☒    None. If *"None"* is checked, the rest of §3.4 need not be completed or reproduced.

**3.5 Surrender of collateral**
    *Check one*

    ☒    None. If *"None"* is checked, the rest of §3.5 need not be completed or reproduced.

**Part 4:** Treatment of Fees and Priority Claims

**4.1 General**

    Trustee's fee and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees**

    Trustee's fees are governed by statute and may change during the courts of the case but are estimated to be 10.00% of plan payments; and during the plan term, they are estimated total $1,505.50.

**4.3 Attorney's fees**

    The balance of the fees owed to the attorney for the debtor(s) is estimated to be $4,645.00.

**4.4 Priority claims other than attorney's fees and those treated in § 4.5**

    *Check one*

    ☐    None. If *"None"* is checked, the rest of §4.4 need not be completed or reproduced.

☒        The debtor(s) estimate the total amount of other priority claims to be $6,707.58 owed to the IRS, $777.77 owed to the Virginia Department of Tax, and $826.24 owed to the Shenendoah Treasurer.

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**
*Check one*

☒        None. If *"None"* is checked, the rest of §4.5 need not be completed or reproduced.

**Part 5:**      **Treatment of Nonpriority Unsecured Claims**

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply*.

☐ The sum of $_____

☒ 0.78% of the total amount of these claims, an estimated payment of $592.92.

☒ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $0.00. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☒        None. If *"None"* is checked, the rest of §5.2 need not be completed or reproduced.

**5.3 Other separately classified nonpriority unsecured claims. Check one.**

☒        **None**. If *"None"* is checked, the rest of §5.3 need not be completed or reproduced.

**Part 6:**      **Executory Contracts and Unexpired Leases**

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☐        **None**. If *"None"* is checked, the rest of § 6.1 need not be completed or reproduced.

☒        **Assumed items**. Current installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treatment of arrearage (refer to other plan section if applicable) | Estimated total payments by trustee |
|---|---|---|---|---|---|
| James Rankin | Residential Lease | $600.00 Disbursed by ☐ Trustee ☒ Debtor(s) | $0.00 | NA | $0.00 |
| T-MOBILE | Cell phone | $245.00 Disbursed by ☐ Trustee ☒ Debtor(s | $0.00 | NA | $0.00 |

## Part 7   Vesting of Property of the Estate

**7.1 Property of the estate will vest in the debtor(s) upon**

Check he applicable box:

☒ plan confirmation

☐ entry of discharge

☐ other:_____

## Part 8   Nonstandard Plan Provisions

**8.1 Check "None" or List Nonstandard Plan Provisions**

☐ **None**. If "None" is checked , the rest of Part 8 need not be completed or reproduced.

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

The following plan provisions will be effective only if there is a check in the box "included" in § 1.3.

**A.    Attorneys fees.**

Attorney fees of $4,750.00 and the balance of $4,645.00 noted in Paragraph 4.3 shall be approved on the confirmation date unless previously objected to.  Said balance of allowed fees shall be paid by the Trustee prior to the commencement of payments required to be made by the Trustee under Paragraphs  3, 4.4,  5, 6 and 8. Notwithstanding the foregoing, the Attorneys fees noted in paragraph 4.3 shall be paid concurrently by the trustee with  Domestic Support Obligations as defined by Bankruptcy Code §507(a)(1)(A) and disclosed in paragraph 4.4 and 4.5 of this Plan.  Furthermore, adequate protection payments set forth in paragraph 3.2 and 3.3 shall be paid concurrently with Attorney Fees set forth in paragraph 4.3.

The $4,645.00 in Debtor(s)' attorney's fees to be paid by the Chapter 13 Trustee are broken down as follows:
(i) :$4,645.00 Fees to be approved, or already approved, by the Court at initial plan confirmation;
   (ii) $0.00: Additional pre-confirmation or post-confirmation fees already approved by the Court by separate order or in a previously confirmed modified plan;
   (iii) $0.00: Additional post-confirmation fees being sought in this modified plan, which fees will be approved when this plan is confirmed.

**B.** **Local Government Tax claims:**

The following secured local government tax claims shall be paid, with interest, by the Trustee pro rata with Unsecured Priority Debts listed in paragraph 2B or on a fixed monthly basis as indicated below.

| Creditor | claim | Monthly Payment for arrears | Interest Rate |
| --- | --- | --- | --- |
| none | | ' | 10% |

**C.** **Vehicles paid Pursuant to Paragraph 3.2.**

Immediately upon entry of a discharge order, each creditor listed in paragraph 3.2 of this plan shall mail a copy of the vehicle title, free and clear of liens, to Debtors counsel, Roland S. Carlton, Jr., Esq., Carlton Legal Services, PLC, 118 MacTanly Place, Staunton, Virginia, 24401.

**D.** **Note regarding part 3.1: post-petition mortgage fees**:

Any fees, expenses, or charges accruing on claims set forth in Section 3.1 of this Plan which are noticed to the debtors pursuant to Bankruptcy Rule 3002.1(c) shall not require modification of the debtors' plan to pay them.  Instead, any such fees, expenses, or charges shall, if allowed, be payable by the debtors outside the Plan unless the debtor chooses to modify the plan to provide for them.

**E.** **Note regarding part 3.5 (surrender of collateral):**

Any unsecured proof of claim for a claim of deficiency that results from the surrender and liquidation of collateral noted in Part 3.5 of this Plan must be filed by the earlier of the following or such claim shall be forever barred: (1) within 180 days of the date of the first confirmation order confirming a plan providing for the surrender of said collateral, (2) within the time period for the filing of an unsecured deficiency claim as established by any Order granting relief from the automatic stay with respect to said collateral. Said unsecured proof of claim for a deficiency must include appropriate documentation establishing that the collateral surrendered has been liquidated, and the proceeds applied, in accordance with applicable state law.   If the vehicle is not repossessed within 90 days of the first confirmation order confirming a plan providing for the surrender of the vehicle, the creditor is ordered to release the lien and send the title, with the lien released, to Carlton Legal Services, 118 MacTanly Place, Staunton, Virginia, 24401.

**F**.   **Note regarding parts 3.2 and 3.3 [adequate protection payments]:**

The debtors propose to make adequate protection payments other than as provided in Local Rule 4001-2.
Unless otherwise provided herein, the monthly payment amounts listed in Parts 3.2 and 3.3 of this Chapter 13 Plan will be paid as adequate protection beginning prior to confirmation to the holders of allowed secured claims.

G    **Note regarding treatment and payment of claims**

All creditors must timely file a proof of claim to receive any payment from the Trustee.
If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
If a claim is listed in the Plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

H     **Note regarding part 3.4 (judicial lien payment)**

Immediately after the entry of a discharge order for the captioned case, the creditor listed in section 3.4 of this plan shall immediately file documents with the state court referenced in paragraph 3.4 to release the judicial lien identified in section 3.4.

**Part 9:**    Signatures

**9.1 Signatures of Debtor(s) and Debtor(s)' Attorney**

If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s) signatures are optional. The attorney for the Debtor(s), if any, must sign below.

✘ /s/ Amber Whetzel                          ✘ /s/
     Signature of Debtor 1                              Signature of Debtor 2

Executed on    March 27, 2023            Executed on           
           MM / DD / YYYY                           MM/DD/YYYY

✘ /s/ Roland S. Carlton, Jr.           Date:    March 27, 2023
     Signature of Attorney for Debtor(s)                    MM/DD.YYYY

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for the Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

# Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | Maintenance and cure payments on secured claims (Part 3, Section 3.1 total) | $0.00 |
| b. | Modified secured claims (Part 3, Section 3.2 total) | $0.00 |
| c. | Secured claims excluded from 11 U.S.C. § 506 (Part 3, Section 3.3 total) | $0.00 |
| d. | Judicial lien or security interests partially avoided (Part 3, Section 3.4 total) | $0.00 |
| e. | Fees and priority claims (Part 4 total) | $14,462.08 |
| f. | Nonpriority unsecured claims (Part 5, Section 5.1, highest stated amount) | $592.92 |
| g. | Maintenance and cure payments on unsecured claims (Part 5, Section 5.2 total) | $0.00 |
| h. | Separately classified unsecured claims (Part 5, Section 5.3 total) | $0.00 |
| i. | Trustee payments on executory contracts and unexpired leases (Part 6, Section 6.1 total) | $0.00 |
| j. | Nonstandard payments (Part 8, total) | $0.00 |
| | Total of lines a through j | $15,055.00 |